IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JUNE MARCH AND JIMMIE CLARK,**<br><br>      **PLAINTIFF,**<br><br>vs.<br><br>**HARRAH'S ATLANTIC CITY OPERATING CO., LLC D/B/A HARRAH'S ATLANTIC CITY, AND ABC CORPORATIONS 1-10 (NAMES BEING FICTITIOUS),**<br><br>      **DEFENDANTS.** | **CASE NO. 1:22-CV-7277**<br><br>**NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

  Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Petitioner, Harrah's Atlantic City Operating Company LLC d/b/a Harrah's Atlantic City (hereinafter "Movant"), by and through its counsel, Reilly, McDevitt & Henrich P.C., hereby removes the above-captioned state court action, currently pending in the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey. In support of removal, Movants respectfully state as follows:

### BACKGROUND

1. June March and Jimmie Clark ("Plaintiffs") filed an action on or about November 3, 2022, Case No. ATL-L-003045-22, in the Atlantic County Superior Court (the "State Court Action"), asserting a personal injury cause of action. See a true and correct copy of Plaintiffs' Complaint, attached hereto as "**Exhibit A**."

2. The Complaint avers that Plaintiffs' alleged injuries were caused by a hazard located at Harrah's Atlantic City located at 777 Harrah's Blvd., Atlantic City, New Jersey, on or about October 23, 2022. See Exhibit "A" at ¶¶ 1-5.

3. Specifically, Plaintiff March alleges she was caused to slip and fall on water on the floor and sustained injuries. See Exhibit "A" at ¶ 5. Plaintiff Clark alleges loss of consortium as a result of Plaintiff March's alleged injuries. See Exhibit "A" at ¶ 11 (sic), Fourth Count.

4. Plaintiffs' Complaint asserts a negligence cause of action against Movant and John Does. See Exhibit "A".

5. Plaintiffs' Complaint did not plead a specific monetary amount of damages. See "**Exhibit A**."

6. Pursuant to New Jersey Court Rule 4:5-2, on or about November 18, 2022 my office requested that Plaintiffs provide a written statement of the amount of damages claimed. See a true and correct copy of the November 18 2022 correspondence attached hereto as "**Exhibit B**."

7. On or about December 1, 2022 an Answer was filed to Plaintiffs' Complaint. See a true and correct copy of Movant's Answer attached hereto as "**Exhibit C.**"

8. On or about November 21, 2022, Counsel for the Plaintiffs sent a written statement of alleged damages in the amount of $850,000.00. See a true and correct copy of Plaintiffs' Written Statement of Alleged Damages attached hereto as "**Exhibit D**."

9. Thirty (30) days from the date in which Plaintiffs supplied an alleged statement of damages is December 21, 2022.

10. Upon Movant's information and belief, no further proceedings have occurred in the

State Court Action.

## BASIS FOR REMOVAL

11. Movant has a statutory right to remove cases based upon diversity of citizenship. 28 U.S.C. § 1332.

12. Specifically, 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) Citizens of different States . . . ."

13. Upon information and belief, Movant states that diversity of citizenship exists between the parties in controversy as follows:

    a. At the commencement of this action and the filing of the Complaint, upon information and belief, Plaintiffs were citizens of the State of New Jersey.

    b. Harrah's Atlantic City Operating Company, LLC is a citizen of the State of Delaware and the State of Nevada. Specifically, Harrah's Atlantic City Operating Company, LLC is held by Caesars Holding, Inc. as sole member. Caesars Holding, Inc. was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in the State of Nevada.

14. Plaintiff, June March claims that Movant's negligence resulted in her sustaining physical injury as well as other damages. Plaintiff, Jimmie Clark claims loss of consortium resulting from Plaintiff March's alleged injuries. See "**Exhibit A**."

15. Plaintiffs seek to recover $850,000.00, in this matter, as Plaintiffs have indicated in

their response to the request for the statement of damages.  See "**Exhibit D**."

16. The thirty-day period for removal is triggered when Defendant first learns that the matter is removable. See Vartanian v. Terzian, 960 F.Supp. 58, 62 (D.N.J 1997); Nero v. Amtrak, 714 F. Supp. 753 (E.D. Pa. 1989); Presidential Dev. & Inv. Corp. v. Travelers Ins. Co., 1989 U.S. Dist. LEXIS 14499, CIV. A. No. 89-6278, 1989 WL 147616 (E.D. Pa. Dec. 5, 1989); Moore v. City of Philadelphia, 1988 U.S. Dist. LEXIS 4339, CIV. A. No. 88-1424, 1988 WL 50382 (E.D. May 16, 1988), *appeal dismissed*, 865 F.2d 251 (3d Cir. 1988)).

17. Additionally, a Defendant does not waive his right to remove when he answers in State Court and then files a petition for removal timely under 28 U.S.C. § 1446(b). See Moorestown Twp. Bd. Of Educ. v. S.D. & C.D., 2010 U.S. Dist. LEXIS 155357 (D.N.J. 2010).

18. Here, the thirty-day period for removal was not triggered until Plaintiffs provided a representation of the value of the damages on November 21, 2022. See Vartanian v. Terzian, 960 F.Supp. 58, 62 (D.N.J 1997).

19. In the instant case, Plaintiffs' Complaint does not allege a specific monetary amount, but Plaintiffs indicated that the damages claimed is $850,000.00. See "**Exhibit D**."

20. Movant filed this Notice of Removal within thirty (30) days of receiving Plaintiffs' response to the request for the statement of damages.

21. Therefore, this Court may properly remove the State Court Action based on diversity jurisdiction.

22. This Notice of Removal was not filed more than one year after commencement of the action.  28 U.S.C. § 1446(b).

23. The United States District Court for the District of New Jersey has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of diversity jurisdiction of Plaintiffs and Movant as set forth with greater particularity above.

24. Venue properly lies with this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a), as this action is presently pending in the Superior Court of New Jersey, Law Division, Atlantic County, located within the District of New Jersey.

25. In the interest of judicial economy and the fair adjudication of claims brought before the Court, Movant seeks removal to this Court.

26. A written notice of the filing of this Notice of Removal has been given to all parties in accordance with as required by 28 U.S.C. §1446(d).

27. Promptly after filing in this Court and the assignment of a civil action number, a true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the Superior Court of New Jersey, Law Division, Atlantic County, as required by U.S.C. § 1446(d). A copy of the notice to be provided to the Superior Court is attached hereto as "**Exhibit E.**"

**WHEREFORE**, Movant, Harrah's Atlantic City Operating Company LLC d/b/a Harrah's Atlantic City respectfully requests that it may affect the removal of this action from the Superior Court of New Jersey, Law Division, Atlantic County to the United States District Court of New Jersey.

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: /s/ *Damian S. Jackson, Esq.*
       Damian S. Jackson, Esq.
       Charles Hoyt, III, Esq.
       Attorneys for Defendant,
       Harrah's Atlantic City Operating Company LLC
       d/b/a Harrah's Atlantic City